UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs.*                                               Case No.  16-CR-60-jdp

MICHAEL A. KRAUTER,

    *Defendant*.

## DEFENDANT'S BRIEF REGARDING PRIOR CONVICTION

Michael Krauter, by counsel, files this brief, showing that he is not subject to a ten-year mandatory minimum sentence because his 1996 Illinois conviction is not a predicate offense under 18 U.S.C. § 2252(b)(2).

**I.  Introduction**

Krauter's 1996 Illinois conviction isn't a predicate offense because it isn't a conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See* 18 U.S.C. § 2252(b)(2). The conviction doesn't relate to any of those crimes because it is not a categorical match with any federal sex crime. It isn't a categorical match because the Illinois statute's elements capture more conduct than any federal sex crime.

1

The mismatch is twofold. First, the Illinois statute punishes sexual conduct with a victim 12 years-old or younger; federal law punishes sexual contact with a victim 11 years-old or younger. Second, the federal statute limits liability to the touching of certain body parts, *viz.*, the genitalia, anus, groin, breast, inner thigh, or buttocks. Under the Illinois statute, the touching element has no such limitation; it's satisfied by touching any part of the body of a child under 13.

Either mismatch means that the Illinois conviction isn't a predicate. Taken together, the Illinois statute covers a swath of conduct that could not be punished under any federal sex crime law. It simply doesn't relate to the enumerated sex crimes described in § 2252(b)(2). Since it doesn't, it can't be used to aggravate Krauter's sentence.

## II. For Krauter's prior conviction to qualify as a predicate under federal law, the Illinois statute must be categorical match with a federal sex crime.

A child-pornography defendant is subject to a 10-year mandatory-minimum if he has a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). In applying § 2252(b)(2), the Seventh Circuit has held that "sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18." *United States v. Osborne*, 551 F.3d 718, 721 (7th Cir. 2009). And just this year, the Supreme Court approved of this holding, noting that "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" mirror the headings used in 18 U.S.C. ch. 109A, and indicating that the phrases were intended

2

to correlate with the crimes described in that chapter. *Lockhart v. United States*, 136 S. Ct. 958, 964 (2016). Although the *Osborne* court referred to federal sex offenses generally, not ch. 109A specifically, no other section of the federal criminal code contains strict-liability sex offenses that could be compared to the offense at issue in this case.[1]

Whether a prior state conviction fits within § 2252(b)(2)—whether it mirrors a federal sex offense in ch. 109A—is determined as a categorical matter. *Osborne*, 551 F.3d at 721. In other words, the focus "is not what [the defendant] *did* but what he was *convicted of*." *Id.* (emphasis in original). Moreover, labels don't matter—only the crime's elements. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (holding that "burglary" under Iowa law could not be considered "burglary" under federal law). If the state crime's legal elements are broader than the (federal) comparator crime, then there is no categorical match, and the mandatory minimum cannot be applied. *Id*. If a statute is divisible, of course, the court may look to state-record documents to verify the particular offense of conviction; but that so-called "modified" categorical approach is not relevant here. *See id.* at 2249.

A final note on the categorical analysis: § 2252(b)(2) refers to "laws of any State *relating to*" particular offenses. In *United States v. Geasland*, this Court questioned whether

---

[1] The mandatory-minimum provision lists other federal sex offenses, from child trafficking to exposing children to obscene materials. *See* 18 U.S.C. § 2252(b)(2). But to the extent that any of those could serve as comparators for some state offense, plainly, they are not comparable to the state offense at issue here.

3

"relating to" might be an invitation to relax the categorical analysis, so that § 2252(b)(2) could cover any state offense *similar to* the federal crimes, even if not an exact match. 15-cr-132-jpd, DE 73. Some circuits have used the approach. *See, e.g., United States v. Barker*, 723 F.3d 315, 323–24 (2d Cir. 2013). But to remove precision from this inquiry—to look at similarities between offenses, rather than elements—would be at odds not just with *Osborne*, but also with the Constitution, as clarified by the Supreme Court. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (striking down ACCA's residual clause as void for vagueness because of the "indeterminacy of [its] wide-ranging inquiry"). This Court got it right the first time: if "relating to" means that a state offense just needs to be similar to a federal offense, in some imprecise way, that would run afoul of the Due Process Clause. *Geasland*, DE 73 at 4 (citing *Johnson*)).

### III. The Illinois statute Krauter violated has two elements relevant to the categorical analysis: age and body parts.

Krauter was convicted of violating Illinois Revised Statutes Chapter 38, Paragraph 12-16(c)(1)(i).[2] At the time, the provision read as follows:

> (c) The accused commits aggravated criminal sexual abuse if:
> (1) the accused was 17 years of age or over and (i) commits an act of sexual conduct with a victim who was under 13 years of age when the act was committed[.]

---

[2] Today the statutory citation would be 720 ILCS 5/12-15(c)(1)(i) (1996). After several revisions, the contemporary provision is at 720 ILCS 5/11-1.60(c)(1)(i) (2015).

4

720 ILCS 5/12-16(c)(1)(i) (1996). So, the victim had to be 12 or under, and the act had to be "sexual conduct."

"Sexual conduct" was and remains a statutorily defined term. It meant the "intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of … any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12-12(e) (1996).

The statutes mean what they say. A Section 5/12-16(c)(1)(i) charge "require[s] the State to prove that the defendant was 17 years of age or over and had committed an act of sexual conduct with a victim who was under 13 years of age when the act was committed." *People v. D.R.R.*, 258 Ill. App. 3d 282, 288 (1994).

*People v. Calusinski*, 314 Ill. App. 3d 955 (2000), reveals how broad Illinois "sexual conduct" really is. The trial evidence showed that the defendant embraced and kissed his six-year-old victim before placing his tongue in the victim's mouth. *Id.* at 956. This was "sexual conduct" under Illinois law because the victim was under 13 years-old and the defendant touched the victim's body, *i.e.*, his tongue in the victim's mouth. *Id.* at 962. The court noted that "the defendant intentionally placed his tongue in the victim's mouth for purposes of his own sexual arousal" because "a 'french kiss' is an inherently sexual act which generally results in sexual excitement and arousal." *Id.*

5

**IV.   Krauter's Illinois conviction is not a categorical match here because the state statute's age and body part elements are more broad than the closest federal sex crime's elements.**

The Illinois statute's salient elements now must be compared with federal sex crimes. Put another way, the question here is whether Krauter's prior offense categorically matches any federal sex offense in 18 U.S.C. ch. 109A. It doesn't.

There are five substantive federal offenses up for comparison: (1) aggravated sexual abuse, (2) sexual abuse, (3) sexual abuse of a minor or ward, (4) abusive sexual contact, and (5) offenses resulting in death. 18 U.S.C. ch. 109A. We can eliminate the fifth offense right away—the Illinois statute has no element of death. But the other four all have at least one subsection relating to minors, and all are worth a closer look:

- "Aggravated sexual abuse" includes knowingly engaging in a "sexual act" with a person "who has not attained the age of 12 years," or knowingly engaging in a "sexual act" by force or threat or intoxicant with a person 12–15 years-old. 18 U.S.C. § 2241(c).

- "Sexual abuse" includes knowingly engaging in a "sexual act" with any person "incapable of appraising the nature of the conduct" or "physically incapable" of participating in or communicating regarding the act. 18 U.S.C. § 2242(2).

- "Sexual abuse of a minor or ward" includes knowingly engaging in a "sexual act" with another person 12–15 years old, so long as the offender is at least four years older than the minor. 18 U.S.C. § 2243(a).

- "Abusive sexual contact" includes committing the above three offenses, substituting "sexual contact" for "sexual act," (with lesser penalties) and also includes knowingly engaging in or causing "sexual contact" with

"an individual who has not attained the age of 12 years." 18 U.S.C. § 2244.[3]

One theme is immediately apparent: age. Each of these offenses can involve older minors (12–15), but only in special circumstances:

- § 2241(c): when there is use of force or threat or an intoxicant
- § 2242(2): when the person is incapable of understanding or undertaking the act
- § 2243(a): when the offender is at least four years older than the minor.

It is only when the minor is under 12 that sexual contact, without proof of any other element, is sufficient. 18 U.S.C. § 2244(a)(5). By contrast, the Illinois statute covers 12-year-olds.

An age difference of only one year between the federal and state statutes is close enough that the Court may be tempted to somehow make this work. But again, the Fifth Amendment prohibits courts from imagining an "ordinary, typical" violation of any particular statute, rather than the elements of the statutory offense. *Johnson*, 135 S. Ct. at 2557. And the Sixth Amendment prohibits courts from examining the underlying facts of the defendant's conviction. *Mathis*, 136 S. Ct. at 2252 (noting that allowing a sentencing

---

[3] Each of the federal crimes also contains a jurisdictional element (requiring interstate travel, or the use of interstate commerce, or federal land), but this brief does not describe those elements because "the absence of such a jurisdictional element [in a corresponding state offense] is immaterial" to the categorical analysis. *Torres v. Lynch*, 136 S. Ct. 1619, 1623 (2016).

judge to go beyond the elements of the offense, and examine what the defendant did, "would raise serious Sixth Amendment concerns"); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) ("Facts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt."). So to the extent that the government might urge this Court to consider the facts of Krauter's 1996 offense, which apparently didn't involve a 12-year-old, that would violate not just the Seventh Circuit's holding in *Osborne*, but also the Sixth Amendment to the Constitution. *Id.*

Furthermore, while the precise age provided by a statute might seem a minor point, it's fundamental (definitional) for an age-based, strict-liability sex offense. Congress determined that offenses against minors under 12 should operate differently than offenses against minors 12–15; there are additional elements with older minors— there must at least be a significant age difference. Illinois also treated, and treats, offenses against younger and older minors differently, but it draws the line at 13, not (as Congress did) at 12. The state is free to do that, of course, but it doesn't make for a categorical match here. So given that a state offense can serve as a § 2252(b)(2) predicate only if it categorically matches a federal sex offense, Krauter's offense is not a predicate. *See Osborne*, 551 F.3d 721.

8

There may be some temptation here to envision a theoretical crime, not tied to ch. 109A: a "generic" offense that's broader than any of the federal offenses.[4] But that would not be advisable for several reasons. First, the Seventh Circuit has already held that the appropriate comparators for § 2252(b)(2) purposes are the federal sex crimes, *Osborne*, 551 F.3d 721, and the Supreme Court has approved of that, *Lockhart*, 136 S. Ct. at 964. There is no legal reason to change course—only, perhaps, a concern that certain defendants who *seem* appropriate for the mandatory-minimum can get out of it. But a statutory mandatory minimum can't be applied based on shifting notions of who the courts wish to bring within it—it substantively changes the lawfully permissible sentence, and so must rest on clear, unchanging legal elements.

Second, changing course—deviating from ch. 109A—would be fraught. This Court didn't do that in *Geasland* and it shouldn't start now. The mandatory-minimum provision refers to a state offense for "abusive sexual conduct involving a minor or ward." *See* 18 U.S.C. § 2252(b)(2). To the extent that this does not refer to § 2244 ("abusive sexual contact"), this Court would have to create (effectively from scratch) a generic offense called "abusive sexual contact involving a minor or ward." § 2252(b)(2). It would have to set an age cut-off, below which lack-of-consent and other aggravating elements are irrelevant, or at least unnecessary; it would have to determine proscribed acts, which

---

[4] ACCA's enumerated crimes are generally compared to "generic" offenses, rather than specific federal offenses. *See Mathis*, 136 S. Ct. at 2247.

may (or may not) shift with the age of the victim; and it would have to consider the need for an age-difference element or other factors. This endeavor would be somewhat absurd, though, because Congress has already done all of this. It may be that the specific lines that Congress drew are arbitrary, as are the bright lines of any criminal statute. But any lines that this Court could draw would be similarly arbitrary; they just wouldn't have the approval of the political branches.

Third, no reasonable generic offense would encompass Krauter's offense because Illinois doesn't limit the touching to specific body parts. Namely, for victims 12 and younger, Illinois's statute covers the touching of any body part. So Illinois's definition of "sexual conduct" for sexual abuse purposes includes not just the touching of intimate parts for sexual gratification or arousal. It also includes a touching of "any part of the body of a child under 13 years of age, for the purpose of gratification or arousal." *See* 720 ILCS 5/12-12(e) (1996). Recall that "French kissing" can be sexual conduct under the Illinois statute.

Not so for any ch. 109A offense. The closest candidate is Section 2244(a)(5). A person violates the federal statute if he "knowingly engages in or causes sexual contact with or by another person, if so to do would violate…subsection (c) of section 2241 of this title had the sexual contact been a sexual act[.]" 18 U.S.C. § 2244(a)(5).

The two moving parts here are the definition of "sexual contact" and the crime at Section 2241(c): Section 2244(a)(5) is effectively a cross-reference to the crime at Section

10

2241(c) but "sexual act" is swapped out for "sexual contact." Section 2246(3) defines "sexual contact" as "the intentional touching, either directly or through the clothing, **of the genitalia, anus, groin, breast, inner thigh, or buttocks** of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]" 18 U.S.C. § 2246(3) (emphasis added). Section 2241(c) defines several crimes, but only one is relevant here. A person violates subsection (c) if he "knowingly engages in a sexual act with another person who has not attained the age of 12 years[.]" 18 U.S.C. § 2241(c).

Under Section 2244(a)(5) the assembled parts therefore make it a crime for anyone to "knowingly engage in the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person, who has not attained the age of 12 years, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person[.]" *See* 18 U.S.C. §§ 2241(c), 2244(a)(5), and 2246(3). When Calusinski kissed his victim he violated Illinois law. But he didn't knowingly engage in the intentional touching of the genitalia, anus, groin, breast, inner thigh, or buttocks" of anyone. *See id.* If he had acted on federal land, he wouldn't have committed any ch. 109A crime. That's because the elements of any federal sex crime are narrower than the Illinois's definition of sexual conduct. So Krauter's conviction under

that definition can't be a predicate here. No mandatory minimum prison sentence applies to him.

    Dated at Madison, Wisconsin, this 15th day of March, 2017.

                                                   Respectfully submitted,

FEDERAL DEFENDER SERVICES       **/s/ Peter R. Moyers**
 OF WISCONSIN, INC.                   Peter R. Moyers
22 East Mifflin Street, Suite 1000    Counsel for Mr. Krauter
Madison, Wisconsin 53703
Tel: 608-260-9900
peter_moyers@fd.org

12